# IN THE MATTER OF THE ESTATE OF GEORGE HARLAN, Deceased.

JURISDICTION OF PROBATE COURT.—The Probate Court of the county of which the decedent was a resident at the time of his death, alone has jurisdiction to issue letters of administration upon his estate.

CHANGE OF COUNTY BOUNDARIES—EFFECT OF ON ADMINISTRATION.—If, after the death of the intestate, that portion of the county in which he resided at the time of his death, is erected into a new county, or attached to another county, the Probate Court of the old county still retains its jurisdiction over the administration.

IN WHAT COUNTY LETTERS OF ADMINISTRATION ISSUE.—The residence of a party at the time of his death, and not the situation of the estate, is the test of probate jurisdiction.

APPEAL from the Probate Court of Santa Clara County.

The facts are stated in the opinion of the Court.

*Rhodes* and *Drake*, for Appellant.

Harlan, having been at the time of his death *a resident of the County of Santa Clara*, it follows that from that time to the time of the organization of the County of Alameda, the Santa Clara Probate Court had jurisdiction of the estate of Harlan, and was the only Court that could exercise *active* jurisdiction by the grant of letters, etc., upon a proper petition being filed.

There is a marked distinction between the meaning of the term "jurisdiction" when employed to designate the authority that a Court may exercise over any given *class* of persons, property, or subjects of litigation, and when the term is used to designate the power and control that the Court is, in fact, exercising over a particular subject matter or person, upon action being brought.

The Court of Sessions of any county has jurisdiction of public offenses committed within the county, but it has no jurisdiction in fact of any particular case, or criminal action, until proper proceedings, by indictment or otherwise, have been had.

The statutory rule, that letters of administration must be

granted in the county of which the deceased was a resident at the time of his death, is an *arbitrary* rule, and is not liable to be changed or varied, in any case, by considerations of convenience or expediency, or a subsequent change of facts, but, it being once ascertained of what county the deceased was a resident at the time of his death, if a resident of the State, the Probate Court of that county, upon the occurring of the fact of the death of the deceased, acquired jurisdiction of the estate of Harlan.

And that rule being absolute, as well as arbitrary, if there are any exceptions to or qualifications of it, they must be found in the statute.

The reason, *not of*, but for the establishment of the rule was, that there might be but one administration granted within the State of any estate.

The respondent contends that the Probate Court of the county in which the *place* of residence of the deceased may happen to be at the time of the filing of the petition for letters, has jurisdiction of the estate.

That rule would confer jurisdiction of an estate upon the Probate Courts, successively, of as many counties as might successively, by changes of boundaries, include the place of residence of the deceased. Suppose that a proper petition for letters had been filed by Henry C. Smith, in Santa Clara County, and that some of the heirs or creditors of the deceased had successfully resisted the petition, and that, in the meantime, the Mission of San José had been included in Contra Costa County, and that the heirs or creditors should desire that letters should issue to them, where would they file their petition ?   The Respondent says in the Contra Costa Probate Court.

If the widow, or other persons interested in the estate, should succeed in dismissing the last mentioned petition, and if, during the pendency thereof, the Mission of San José had been included within Alameda County, the respondent's rule would require that the widow, or others desiring letters of

administration, should file their *third* petition in the Alameda Probate Court.

The appellant contends that the Probate Court of Santa Clara acquired jurisdiction of the estate of Harlan by virtue of two facts concurring : First—the death of the deceased ; and, Second—his residence at the time of his death in Santa Clara County; and that the jurisdiction, having once attached, continues for all purposes relating to the administration and settlement of the estate. (*Platt* v. *Beardsley*, 1 Vermont, 151.)

If the statute had declared that the Probate Court of the county containing the last residence of the deceased, *at the time of the filing of the petition* for letters, or of the ord( granting letters, should have jurisdiction of the estate, t] position of the respondent would be correct; but, instead either of those rules, the statute has adopted the simple one conferring jurisdiction upon the Probate Court of the county that contained the place of *residence* of the deceased at the *time of his death*, and the statute has failed to provide for a change of jurisdiction in case the boundaries of the county should be changed.

When a county is divided, the old county retains all its powers, unless taken away by express Act of the Legislature. (16 Mass. 86.)

The jurisdiction of the Federal Courts, in cases between citizens of different States, when it has once been acquired, is not divested by reason of both parties becoming residents of the same State. (*Morgan* v. *Morgan*, 2 Wheat. 290.)

There are, perhaps, no cases where jurisdiction attaches in the same manner, or for the same reason, as in the case of administration.

The statutes granting jurisdiction of estates to the Probate Court have been strictly construed, (*Beckett* v. *Selover*, 7 Cal. 233,) and all cases not strictly within the statute have been excluded from the Probate Courts. The will of a testator who died before the organization of our State government has not been allowed to be probated, it not being within the letter

Estate of George Harlan.

of the law. (*Grimes* v. *Norris*, 6 Cal. 624; *Tevis* v. *Pitcher*, 10 Cal. 477.)

The estates of persons who had died before the passage of our Probate Act are not subject to administration under that Act. (*De la Guerra* v. *Packard*, 17 Cal. 193.)

*Pratt & Clarke*, for Respondents.

Letters can only be granted on petition, and the petition must state the facts essential to give the Court jurisdiction. (Statutes 1850, p. 381, §58.)

This Court has definitely settled what those *jurisdictional* facts are, to wit: First—Death of the party; Second—His residence, at his death, *within the county* where letters are asked. (*Becket* v. *Selover*, 7 Cal. 236; *Hynes* v. *Meek*, 10 Cal. 118; *Estate of Warfield*, 22 Cal. 51.)

Upon presentation of a petition containing the necessary *averments* to give the Court *jurisdiction* to the Probate Court of Santa Clara County, that Court could *unquestionably* have granted *valid letters* prior to the organization of Alameda County; but after that organization the jurisdiction to grant letters was in Alameda County. (Statutes 1853, p. 59, §17.)

It is by appellant alleged that the Probate Court of Santa Clara County did acquire jurisdiction of said estate prior to the organization of Alameda County, and that that Court, having once acquired jurisdiction of the estate, such jurisdiction continued.

The Act organizing Alameda establishes the jurisdiction in Alameda County to grant letters and perform all other judicial acts, etc. (See §§16 and 17 of the Act organizing Alameda County. *Knight et al.* v *Knight Adm'rs*, 27 Georgia, 636.)

The only case we can find at all opposed to respondent's views, is that of *Bugbee* v. *Surrogate of Yates*, 2 Cow. 471, and that case seems to have been acted upon without the Court's attention being called particularly thereto. There was no argument before the Court, nor briefs filed.

And so far as we can see, *all reason* is opposed to the decision.

24

Suppose, after Yates County had been formed, two other counties had been formed out of and embracing all the balance of Ontario County, where, then, according to this decision, would have been the jurisdiction to grant letters?

Suppose, after Alameda County was organized, the balance of Santa Clara County had been added, for jurisdictional purposes, to the adjoining County of Santa Cruz, where would one seek letters upon Harlan's estate?

It is evidently the object of the statute to require letters of administration to be issued by the Court having jurisdiction over the *place of residence of deceased* at the time when such letters are asked.

*E. R. Carpentier & H. K. W. Clarke*, also for Respondents.

The Probate Court of Santa Clara County, having once had territorial power sufficient to have given it jurisdiction over the estate of Harlan, if such jurisdiction had been called into exercise by proper proceedings and the production of the statutory facts, does that Court still retain that power, notwithstanding the erection of the County of Alameda in 1853, and the inclusion of Harlan's last residence in the latter county?

The Act of the Legislature creating Alameda County, (Session Laws, 1853, p. 59, Secs. 16, 17) transferred all judicial proceedings, the "subject matter" of which was in the new county, to the Courts of that county, and retained that part of the territory out of which Alameda County was formed "for judicial purposes" only until the County of Alameda should be organized under that Act. Thenceforth, it seems to us, the jurisdiction of the Courts of Santa Clara were limited to Santa Clara County with its restricted boundaries. And in view of this statute, we submit that even if the Probate Court of Santa Clara County had already acquired jurisdiction of the subject matter, that jurisdiction would have been transferred to Alameda County upon its organization by virtue of the statute and its clear intendment, and that after that period it would not have been competent for the Court

in Santa Clara County to proceed in the affairs of the estate of Harlan ; and much less had it the power to acquire a new jurisdiction beyond its territorial limits over that estate.

By the Court, SAWYER, J.

George Harlan died intestate, in the County of Santa Clara, in July, 1850. Immediately before and at the time of his death, Harlan resided at the Mission of San José, which was at that time in the County of Santa Clara. In March, 1853, by an Act of the Legislature, the County of Alameda was formed out of territory taken in part from the County of Santa Clara. The territory so taken from the County of Santa Clara included the land on which said Harlan resided at the time of his death, and the place of said Harlan's residence at that time, has ever since been, and it now is in the County of Alameda.

In June, 1863, the appellant, Charles Halsey, filed his petition in the Probate Court of Santa Clara County, stating, among other things necessary to entitle him to letters of administration, that Harlan died intestate in Santa Clara County, leaving real estate of great value in the County of San Francisco, that said Harlan at the time of his death was a resident of Santa Clara County, and concluding with a prayer that letters of administration be issued to him. This application was opposed by sundry parties claiming to be interested in the estates, as heirs or otherwise, on the ground, among others, that the Probate Court of Santa Clara County had no jurisdiction, for the reason that the place of residence of Harlan at the time of his death was no longer in the County of Santa Clara, but at the time of the said application was a part of the County of Alameda. The petition was denied on that ground alone, and the only question presented by the record is, " Whether the Probate Court of the County of Santa Clara has jurisdiction of the estate of the said George Harlan, deceased, and can grant letters of administration upon said estate ; or whether such jurisdiction is in the County of Alameda ? "

The Act of 1850 relating to this subject provides that " Let-

ters testamentary or of administration shall be granted : 1. In the county of which the deceased was a resident at or immediately previous to his death, in whatever place his death may have happened." The same provision is contained in the Act now in force.

The Mission of San José continued to form a part of Santa Clara County for three years after the death of Harlan, and during all that time the only Court that could take jurisdiction of the administration of his estate was the Probate Court of Santa Clara County. That county still exists, and its county government has been continued to the present time. Its territorial limits have been somewhat curtailed, it is true, but its legal identity is the same. The change in boundaries cannot affect the fact that Harlan died in Santa Clara County, and this is one of the jurisdictional facts prescribed by the statute. All the jurisdictional facts, then, once existed, and the Probate Court of that county, upon a proper presentation of those facts, would, at one time, have been authorized to take and it in fact did take cognizance of the administration of the estate. Unless something has occurred to oust that tribunal of its right, it still exists, and we find nothing in the law withdrawing the jurisdiction from the Probate Court of Santa Clara County, unless the mere fact that the tract of land on which Harlan resided at the time of his death has been taken from the County of Santa Clara, and in connection with other territory erected into the new County of Alameda, works such a result. We do not see that this result necessarily follows. There is, in the nature of things, no necessary connection between the land and the jurisdiction. It was found convenient to establish some uniform test of jurisdiction, and the Legislature adopted the arbitrary one of making the residence of the party at the time of his death that test, although his property might be, as in this instance, to a great extent, in some other locality.

When a party dies, the jurisdiction to administer upon his estate, under the provisions of the Act, becomes fixed in the county of the residence of the decedent. The legal identity of the county may continue, notwithstanding its territorial limits

may be modified. In contemplation of law, the legal entity known as the County of Santa Clara is the same with that which existed prior to 1853, at the time when the *situs* of the jurisdiction upon the estate of Harlan became fixed. In organizing the new County of Alameda no provision was made for transferring to the new county the jurisdiction to administer the estates of those who had already died in the County of Santa Clara. Provision is made for transferring certain records and certain legal proceedings of a local character from the County of Santa Clara to the County of Alameda. (Laws of 1853, p. 59, Secs. 16, 17.) It is insisted that this case is embraced in the term "subject matter" used in section sixteen. We think not. If the estate is the "subject matter" of this proceeding, then all of the estate now remaining, and consequently the subject matter, appears to be situate in the County of San Francisco, and not in either of the Counties of Santa Clara or Alameda. The residence of the party at the time of his death, and not the situation of the estate, is the test of jurisdiction.

The provisions of the Act cited clearly do not embrace cases like the one under consideration. Had the Legislature intended to include such cases, they doubtless would have made provision for them. No such provision was made, and the presumption, from the fact of this omission, if any presumption can be indulged, is that the Legislature did not intend to deprive the Probate Court of Santa Clara County of jurisdiction in those cases in which the right to take jurisdiction had already become fixed in the County of Santa Clara, by the death of a party while a resident of that county. In considering the question in the light of authority, we have found but one case directly in point. In the matter of *Bugbee* v. *The Surrogate of Yates County*, 2 Cow. 471, the precise question arose under a similar statutory provision. A. Bugbee died while a resident of the Town of Benton, in the County of Ontario. Subsequent to his death, the Town of Benton, in connection with several other towns, was erected into the County of Yates. An application was made to the Surrogate of the new County of Yates for letters of adminis-

tration.   The Surrogate, having doubts as to his jurisdiction, refused the letters, and the parties interested applied to the Supreme Court for a mandamus to compel him to act.   The Supreme Court held that "the Surrogate of Yates County had no jurisdiction;" that "Alva Bugbee was, at the time of his death, an inhabitant of the County of Ontario, and granting letters of administration pertained to the Surrogate of the latter county."

For the reasons stated, and upon the authority of the case cited, we hold that the Probate Court of Santa Clara County has jurisdiction, without reference to the question as to the validity of the proceedings taken in the matter of Harlan's estate in that county prior to the year 1853.

This view makes it unnecessary to consider the points made upon those proceedings, supposed to bear upon the present question.

The judgment is reversed and the cause remanded for further proceedings.

Mr. Justice RHODES, having been of counsel for petitioner, did not sit in the case.